IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
NOV - 4 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

STRAIGHT PATH IP GROUP, INC., )
)
Plaintiff, )
) Case No. 1:13CV1366-LMB-TRJ
vs. )
)
VONAGE HOLDINGS CORP., )
VONAGE AMERICA, INC., AND ) JURY TRIAL DEMANDED
VONAGE MARKETING LLC, )
)
Defendants. )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Straight Path IP Group, Inc. ("SPIPG") for its Complaint against Defendants Vonage Holdings Corporation, Vonage America, Inc., and Vonage Marketing LLC (collectively "Vonage" or "Defendants") alleges as follows:

### THE PARTIES

1. Plaintiff SPIPG is a Delaware corporation, with its principal place of business at 5300 Hickory Park Drive, Suite 218, Glen Allen, VA 23059.

2. Defendant Vonage Holdings Corporation is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, NJ 07733.

3. Defendant Vonage America, Inc. is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, NJ 07733.

4. Defendant Vonage Marketing LLC is a Delaware limited liability company with its principal place of business at 23 Main Street, Holmdel, NJ 07733.

5. On information and belief, Defendant Vonage designs, develops, manufactures, and/or sells voice over internet protocol ("VoIP") products and/or services in the United States

including Virginia. For example, Defendant Vonage sells products and services via its website http://www.vonage.com/ and engages in national advertising regarding its products and services in a variety of mediums including television advertisement.

6. Since at least May 14, 2003, Vonage has provided VoIP products and services to residents of Norfolk, Virginia. *See* http://files.shareholder.com/downloads/VAGE/2703584094x0x38381/7e52bccd-5513-46cf-a5f6-4e5adacf747e/VG_News_2003_5_14_Announcements.pdf (last visited Oct. 31, 2013). Since at least November 11, 2003 Vonage has provided products and services to residents of Richmond, Virginia. *See, e.g.,* http://files.shareholder.com/downloads/VAGE/2703577391x0x38104/8496ab4d-c2ce-44eb-8dd0-6a3ab3b90dff/VG_News_2003_11_11_Announcements.pdf (last visited Oct. 31, 2013).

## JURISDICTION AND VENUE

7. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 *et seq.* and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281, 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

9. This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

## THE ASSERTED PATENTS

10. SPIPG is the assignee of United States Patent Nos. 6,009,469, 6,131,121, 6,513,066 and 6,701,365 (collectively, the "Asserted Patents").

2

11. The Asserted Patents were previously litigated in *Net2Phone, Inc. v. eBay, Inc., et al.*, Civil Action No. 06-2469 (D.N.J.) ("Prior Litigation").

12. In 2009, Skype, Inc. ("Skype"), one of the defendants in the Prior Litigation, requested that certain claims of the Asserted Patents be reexamined by the United States Patent and Trademark Office.

13. During reexamination, the Examiner considered over one thousand cited references.

14. During reexamination, the Examiner also considered Skype's submissions, including its brief in support of its request for *ex parte* reexamination, a supporting declaration, claim charts, its comments on Net2Phone's validity expert's opinions, and the parties' claim construction briefing from the prior litigation.

15. The Examiner confirmed the validity of numerous claims of the Asserted Patents, many without any amendments, over all of the cited references and over all of Skype's submissions.

16. One or all of the Asserted Patents were previously litigated in *Innovative Communications Technologies, Inc. v. Stalker Software Inc.*, Civil Action No. 2:12-cv-00009 (E.D. Va.), *Innovative Communications Technologies, Inc. v. Vivox Inc.*, Civil Action No. 2:12-cv-00007 (E.D. Va.), and *Innovative Communications Technologies, Inc. v. ooVoo LLC*, Civil Action No. 2:12-cv-00008 (E.D. Va.).

17. One or all of the Asserted Patents are currently being litigated in *Straight Path IP Group, Inc. v. Bandwidth.com, Inc., et al.*, Civil Action No. 1:13-CV-932 (E.D. Va.).

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,009,469

18. SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.

19. On December 28, 1999, United States Patent No. 6,009,469 ("the '469 Patent"), entitled "GRAPHIC USER INTERFACE FOR INTERNET TELEPHONY APPLICATION" (Exhibit A), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '469 Patent, including the right to sue for past infringement.

20. On May 10, 2011, an Ex Parte Reexamination Certificate (Exhibit B) duly and legally issued for the '469 Patent.

21. The claims of the '469 Patent are valid and enforceable.

22. Defendant Vonage has infringed and is infringing at least claim 5 of the '469 Patent with its VoIP products and/or services. In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services. See http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013). Defendant Vonage is further providing calling plans and support (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose. Defendant Vonage has done so without authority and therefore has infringed the '469 Patent as set forth in 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,131,121

23. SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.

24. On October 10, 2000, United States Patent No. 6,131,121 ("the '121 Patent"), entitled "POINT-TO-POINT COMPUTER NETWORK COMMUNICATION UTILITY UTILIZING DYNAMICALLY ASSIGNED NETWORK PROTOCOL ADDRESSES" (Exhibit C), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '121 Patent, including the right to sue for past infringement.

25. On December 14, 2010, an Ex Parte Reexamination Certificate (Exhibit D) duly and legally issued for the '121 Patent.

26. The claims of the '121 Patent are valid and enforceable.

27. Defendant Vonage has infringed and is infringing at least claim 6 of the '121 Patent with its VoIP products and/or services. In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services. *See* http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013). Defendant Vonage is further providing calling plans and support (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose. Defendant Vonage has done so without authority and therefore has infringed the '121 Patent as set forth in 35 U.S.C. § 271.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,513,066

28. SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.

29. On January 28, 2003, United States Patent No. 6,513,066 ("the '066 Patent"), entitled "ESTABLISHING A POINT-TO-POINT INTERNET COMMUNICATION" (Exhibit E), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '066 Patent, including the right to sue for past infringement.

30. On November 23, 2010, an Ex Parte Reexamination Certificate (Exhibit F) duly and legally issued for the '066 Patent.

31. The claims of the '066 Patent are valid and enforceable.

5

32.     Defendant Vonage has infringed and is infringing at least claim 1 of the '066 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  *See* http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (*see* related tabs for "Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose.  Defendant Vonage has done so without authority and therefore has infringed the '066 Patent as set forth in 35 U.S.C. § 271.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,701,365

33.     SPIPG incorporates paragraphs 1 through 17 as if fully set forth herein.

34.     On March 2, 2004, United States Patent No. 6,701,365 ("the '365 Patent"), entitled "POINT-TO-POINT INTERNET PROTOCOL" (Exhibit G), duly and legally issued. SPIPG owns all rights, title, and interest in and to the '365 Patent, including the right to sue for past infringement.

35.     On August 3, 2010, an Ex Parte Reexamination Certificate (Exhibit H) duly and legally issued for the '365 Patent.

36.     The claims of the '365 Patent are valid and enforceable.

37.     Defendant Vonage has infringed and is infringing at least claim 1 of the '365 Patent with its VoIP products and/or services.  In particular Defendant Vonage is selling, offering to sell, and using VoIP products and/or services.  *See* http://www.vonage.com/how-vonage-works?refer_id=WEBHO0706010001W&lid=sub_nav_how_works&sn (last visited Oct. 31, 2013).  Defendant Vonage is further providing calling plans and support (*see* related tabs for

"Calling Plans" and "Support" at www.vonage.com) to customers to induce its customers to infringe and/or contribute to its customers infringement when using Vonage's VoIP products for their normal purpose. Defendant Vonage has done so without authority and therefore has infringed the '365 Patent as set forth in 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A) Enter a judgment in favor of SPIPG that Defendant Vonage has infringed the Asserted Patents;

(B) Enter an injunction prohibiting Vonage from making, using, selling, or offering for sale infringing products and/or services in the United States;

(C) Award SPIPG damages in an amount sufficient to compensate SPIPG for Vonage's infringement of the Asserted Patents, but no less than a reasonable royalty, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

(D) Declare this case exceptional under 35 U.S.C. § 285 and award SPIPG its reasonable attorneys' fees, expenses and costs incurred in this action; and

(E) Grant SPIPG such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, SPIPG respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: November 4, 2013

Respectfully submitted,

STRAIGHT PATH IP GROUP, INC.

_____
Gregory N. Stillman
(Va. State Bar No. 14308)
Wendy C. McGraw
(Va. State Bar No. 37880)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Ofc. (757) 640-5300
Fax. (757) 625-7720
Email gstillman@hunton.com
         wmcgraw@hunton.com

*Counsel for Straight Path IP Group, Inc.*

Of Counsel:
David K. Callahan, P.C.
Alicia L. Shah
P. Daniel Bond
Archit P. Shah
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
david.callahan@kirkland.com
alicia.shah@kirkland.com
daniel.bond@kirkland.com
archit.shah@kirkland.com