**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> VONAGE HOLDINGS CORP., VONAGE AMERICA, INC., AND VONAGE MARKETING LLL, <br><br> Defendants. | Civil Action No. 14-502 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant Vonage Holdings, Corp.; Vonage America, Inc.; and Vonage Marketing, LLC (collectively, "Defendants" or "Vonage")'s motion to dismiss Plaintiff Straight Path IP Group Inc. ("Straight Path" or "Plaintiff")'s Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 47.) This Court has considered the submissions made in support of and in opposition to Defendant's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss is granted.

**I. BACKGROUND**[1]

As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding Vonage's motion.

This action stems from allegations that Defendants have infringed upon four patents of which Plaintiff is the assignee. Defendants are entities based in New Jersey that provide Internet

---

[1] The Court accepts the following facts asserted in Plaintiff's Complaint as true solely for purposes of this motion.

phone products and services using voice over Internet protocol ("VoIP") technology (the "Accused Products"). (Am. Compl. at ¶¶ 2-5.) Plaintiff is the assignee of United States Patents Nos. 6,009,469 (the '469 Patent), 6,131,121 (the '121 Patent), 6,513,006 (the '006 Patent), and 6,701,365 (the '365 Patent) (collectively, the "Asserted Patents"). (Am. Compl. at ¶ 13.) The Asserted Patents allegedly cover technology "designed to implement VoIP communications to facilitate point-to-point communication." (Am. Compl. at ¶¶ 1-5.)

On November 4, 2013, Plaintiff filed a four-count Complaint in the Eastern District of Virginia alleging that Defendants had infringed each of the Asserted Patents. (Docket #1.) Plaintiff subsequently filed an Amended Complaint asserting the same four claims on January 7, 2014. (Docket #23.) On January 17, 2014, the case was transferred to this court at the behest of Vonage. (Docket #41.) Once transferred, Vonage filed a motion to dismiss Plaintiff's amended claims. (Docket #47.)

In its Amended Complaint, Plaintiff claims that Vonage has been infringing on the Asserted Patents while providing VoIP products and services to residents of Virginia since 2003. (Am. Compl. at ¶¶ 6-7.) Counts I, II, III, and IV of the Amended Complaint allege claims for direct, induced and contributory infringement of the '469, '121, '006, and '365 patents, respectively[2]. (Am. Compl. at ¶¶ 34-45; 46-58; 59-70; 71-83.)

---

[2] The court is not addressing the propriety of dismissing any claims of direct infringement because neither party briefed the issue. It is worth noting, however, that each count in Plaintiff's Amended Complaint asserts multiple claims. Rule 10(b) of the Federal Rules of Civil Procedure requires each claim in a complaint that is founded on a separate transaction or occurrence to be stated in a separate count, if doing so would promote clarity. Fed. R. Civ. P. 10. "The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." *Young v. Centerville Clinic, Inc.*, CIV.A. 09-325, 2009 WL 2448003, *2 (W.D. Pa. Aug. 10, 2009) (holding that plaintiff's complaint failed to abide by Rule 10 because, among other reasons, "each count alleges at least three different theories of liability, without ever distinguishing the facts that support each theory.").

In support of its induced infringement claims, Plaintiff alleges that Vonage instructed its customers to use the Accused Products, thereby inducing infringement with specific intent. (Am. Compl. at ¶¶ 40-41; 53-54; 66-67; 78-79.)

In support of its contributory infringement claims, Plaintiff states that Defendants were aware that the Accused Products were solely designed to use VoIP technology and have no substantial non-infringing uses. (Am. Compl. at ¶¶ 42; 55; 68; 80.) Plaintiff also claims that Defendants were aware that the Accused Products were especially made to use said VoIP technology in a manner that infringes on the four different patents. (Am. Compl. at ¶¶ 43; 55; 69; 81.) In support of its factual allegations, Plaintiff cites to the "Calling Plans," "Support," and "Features" tabs on the Vonage website. (*Id.*)

On February 7, 2014, Defendants moved to dismiss Plaintiff's claims for induced and contributory infringement. (Docket Entry No. 47.)

## II. **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a) (2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir. 1994).

### III. DISCUSSION

The crux of Defendants' argument in support of their motion to dismiss is that Plaintiff has failed to set forth sufficient facts to satisfy the pleading standards articulated in *Iqbal, Twombly,* and Federal Rule of Civil Procedure 8(a). A thorough review of Plaintiff's Amended Complaint compels this Court to agree. Accordingly, Defendants' motion is granted, and Plaintiff's Amended Complaint is dismissed without prejudice.

In its opposition brief, Plaintiff argues that Defendants' Motion to Dismiss is premised on "impossibly stringent" pleading standards. (Plaintiff's Br. 8.) Plaintiff also argues that its allusion to Vonage's website is sufficient to support its claims of infringement. (Plaintiff's Br. 12-13.) This Court disagrees.

Although claims for patent infringement are not generally subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), a plaintiff claiming patent infringement must still plead sufficient facts to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. Plaintiff has failed to do so. Instead, Plaintiff's Amended Complaint

relies on threadbare recitations of the elements of the relevant causes of action and conclusory statements. Plaintiff's generic citation to Vonage's website does not overcome the lack of well-pled facts in the Amended Complaint.

A. <u>Straight Path Fails to State a Claim for Induced Infringement</u>

Plaintiff fails to plead sufficient facts to state a viable claim for induced infringement because it relies on threadbare recitals of the elements of the cause of action. To state a claim for induced infringement, a plaintiff must plead facts to raise the plausible inference that: (1) Defendant knowingly induced a third party to perform specific acts; (2) Defendant specifically intended for the induced acts to infringe the patent; and (3) as a result of the inducement, the third party directly infringed the patent. *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Hoffmann-La Roche Inc. v. Apotex Inc.*, CIV.A. 07-4417, 2010 WL 3522786, at *2 (D.N.J. Sept. 2, 2010).

In support of the first element of this cause of action, Plaintiff alleges that "Vonage has knowingly instructed its customers to use the Accused Products and thereby induced its customers to use the Accused Products. See related tabs for "Calling Plans" and "Support" at www.vonage.com." (Am. Compl. at ¶¶ 40; 53; 66; 78.) Similarly, Plaintiff supports the second element of this cause of action by claiming: "Vonage specifically intended for its customers to use the Accused Products and thereby infringe the . . . Patent. (see related tabs for "Calling Plans" and "Support" at www.vonage.com)." (Am. Compl. at ¶¶ 41; 54; 67; 79.)

These statements amount to a threadbare recitation of the necessary elements. Though Plaintiff cites to Vonage's website, it does not state any facts in its Amended Complaint to support the plausible inference that it is entitled to relief for Vonage's alleged induced infringements. Thus, Plaintiff's induced infringement claims are dismissed.

B. <u>Straight Path Fails to State a Claim for Contributory Infringement</u>

Plaintiff also fails to plead sufficient facts to state viable claims for contributory infringement. To state a claim for contributory infringement, a Plaintiff must plead facts showing that: (1) Defendant knew that the Accused Products are material to practicing the invention and have no substantial non-infringing uses; (2) Defendant knew that the Accused Products were especially made or especially adapted to infringe the Asserted Patents; and (3) a third party used the accused products to directly infringe the product. *DSU Med. Corp.*, 471 F.3d at 1303; *Apotex Inc.*, 2010 WL 3522786, at *6.

Again, Plaintiff relies on conclusory statements to support its contributory infringement claims. All four counts in the Amended Complaint explain that "[p]rior to the filing of this lawsuit, Vonage was aware that the Accused Products were solely designated to implement VoIP communications to facilitate point-to-point communication as taught by the [Asserted] Patent[s] and have no substantial non-infringing uses." (Am. Compl. at ¶¶ 42; 55; 68; 80.) Each count also alleges that "[p]rior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringes the . . . Patent. See related tabs for "Calling Plans" and "Features" at www.vonage.com." (Am. Compl. at ¶¶ 43; 55; 69; 81.) These statements are parroting the language of the necessary elements to support a contributing infringement claim. Though Plaintiff again cites to Vonage's website, it does not state any facts in its Amended Complaint that raise the plausible inference that Straight Path is entitled to relief for Vonage's alleged contributory infringements.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss [CM/ECF No. 47] is granted. All four counts are dismissed *without* prejudice. Plaintiff may file a Second Amended Complaint

within 30 days from the date of entry of the order accompanying this Opinion. Failure to do so will result in dismissal of the Amended Complaint *with prejudice*.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: March 26, 2014