<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., VONAGE AMERICA, INC., AND VONAGE MARKETING LLC,<br><br>          Defendants. | Civil Action No. 14-502 (JLL) (JAD)<br><br>**OPINION** |

**LINARES, District Judge.**

      This matter comes before the Court upon the Motion of Defendants Vonage Holdings, Corp., Vonage America, Inc., and Vonage Marketing LLC (collectively "Defendants" or "Vonage") to Dismiss the Second Amended Complaint of Plaintiff Straight Path IP Group, Inc. ("Straight Path" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 65.) The Court has considered the submissions made in support of and in opposition to Defendants' Motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. Based on the following and for the reasons expressed herein, Defendants' Motion to Dismiss is **granted**

## I.     <u>BACKGROUND</u>

      As the Court writes for the parties, it will set forth only those facts it deems relevant to deciding Defendants' Motion.

      This action stems from allegations that Defendants have infringed upon four patents of

which Plaintiff is the assignee. Defendants are entities based in New Jersey that provide Internet phone products and services using voice over Internet protocol ("VoIP") technology (the "Accused Products"). (ECF No. 61, Sec. Am. Compl. ¶¶ 2-4, 31.) Plaintiff is the assignee of United States Patent Nos. 6,009,469, 6,131,121, 6,513,066, and 6,701,365 (collectively the "Asserted Patents"). (Id. ¶¶ 8-11.) Plaintiff states that the Asserted Patents "disclose various aspects of a common invention relating to packet-based communication used, for instance, in VoIP . . . telephony." (Id. ¶ 16.)

On November 4, 2013, Plaintiff filed a four-count Complaint in the Eastern District of Virginia, alleging that Defendants had infringed each of the Asserted Patents. (ECF No. 1.) After Defendants filed a Motion to Dismiss, Plaintiff filed an Amended Complaint on January 7, 2014. (ECF No. 23.) The Amended Complaint alleged that Defendants had been infringing on the Asserted Patents while providing VoIP products and services to residents of Virginia since 2003. (Am Compl. ¶¶ 6-7.) Counts I-IV asserted claims for direct, induced, and contributory infringement of the Asserted Patents. (Id. ¶¶ 34-45, 46-58, 59-70, 71-83.) In support of its induced infringement claims, Plaintiff alleged that Vonage instructed its customers to use the Accused Products, thereby infringing the Asserted Patents with specific intent. (Id. ¶¶ 40-31, 53-54, 66-67, 78-79.) In support of its contributory infringement claims, Plaintiff asserted that Defendants were aware that the Accused Products were solely designed to use VoIP technology and have no substantial non-infringing uses. (Id. ¶¶ 42, 55, 68, 80.) Plaintiff also claimed that Defendants were aware that the Accused Products were especially made to use said VoIP technology in a manner that infringed on the Asserted Patents. (Id. ¶¶ 43, 55, 69, 81.)

On January 17, 2014, the case was transferred to this Court at the behest of Defendants. (ECF No. 41.) On February 7, 2014, Defendants filed a motion to dismiss Plaintiff's amended

claims of induced and contributory infringement. (ECF No. 47.) On March 26, 2014, this Court granted Defendants' motion and dismissed Plaintiff's induced and contributory infringement claims without prejudice. (ECF No. 55.) With respect to the induced infringement claims, this Court found that Plaintiff did not plead sufficient facts to establish the first two elements of induced infringement. (Id. at 5.) With respect to the contributory infringement claims, this Court found that they were deficient because Plaintiff relied on conclusory statements and merely parroted the language of the necessary elements. (Id. at 6.)

Plaintiff filed a Second Amended Complaint on April 23, 2014. ("Sec. Am. Compl.," ECF No. 61.) Defendants filed a Motion to Dismiss Plaintiff's second amended claims of induced and contributory infringement on May 27, 2014. (ECF No. 65.) Plaintiff filed an Opposition on June 23, 2014. ("Pl.'s Opp'n," ECF No. 67.) Defendants filed a Reply on June 30, 2014. (ECF No. 68.)

## II.    STANDARD OF REVIEW

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. Id.

3

## III.    DISCUSSION

### A.  Induced Infringement

Counts two, five, eight, and eleven of the Second Amended Complaint allege induced infringement of the Asserted Patents. To state a claim for induced infringement, Plaintiff must plead facts to raise a plausible inference that: (1) Defendants knowingly induced a third party to perform specific acts; (2) Defendants specifically intended for the induced acts to infringe the Asserted Patents; and (3) as a result of the inducement, the third party directly infringed the Asserted Patents. See DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006); Hoffman-La Roche Inc. v. Apotex Inc., No. 07-4417, 2010 WL 3522786, at *2 (D.N.J. Sept. 2, 2010). In dismissing the induced infringement claims in Plaintiff's First Amended Complaint, this Court found that Plaintiff merely stated a "threadbare recitation of the necessary elements" of induced infringement. (ECF No. 55 at 5.) Specifically, this Court found that Plaintiff did not sufficiently establish elements one and two of induced infringement.

Although Plaintiff had added over 350 additional paragraphs to its Second Amended Complaint, this Court concludes that Plaintiff has nonetheless failed to fix the deficiencies in its induced infringement claims. Plaintiff has set forth numerous facts that show that Defendants were aware of the Asserted Patents. (See Compl. ¶¶ 54-60, 64-68, 72-76, 92-97, 101-114.). Plaintiff has also alleged that Defendants induced their customers to infringe the Asserted Patents by instructing them how to use the Accused Products. (Id. ¶¶ 38-53.) However, while these allegations may be sufficient to establish elements one and three of induced infringement, Plaintiff has not shown that Defendants *specifically intended* for the induced acts to infringe the Asserted Patents, and thus Plaintiff has failed to establish element two. After each section of the Second Amended Complaint that details the ways by which Defendants became aware of the

Asserted Patents, Plaintiff concludes that Defendants must have either i) conducted analysis demonstrating that the Accused Products infringe the Asserted Patents, ii) deliberately declined to conduct analysis regarding whether the Accused Products infringe the Asserted Patents, or iii) deliberately avoided taking any actions that would confirm its infringement of the Asserted Patents. (Id. ¶¶ 61-63, 69-71, 77-79, 98-100, 115-117.) These conclusory and contradictory statements fail to "satisfy the 'rigorous' standard of demonstrating that [Defendants] had a specific intent to encourage infringement." Oy Ajat, Ltd. v. Vatech Am., Inc., No. 10-4875, 2011 WL 1458052, at *2 (D.N.J. Apr. 14, 2011); see also Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Intent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice."); DSU Med. Corp., 471 F.3d at 1306 ("[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.").

In arguing that the Second Amended Complaint establishes specific intent, Plaintiff heavily relies on an August 6, 2006 letter from James Ra'anan of Net2Phone, Plaintiff's predecessor, to Defendants' CEO. (See Pl.'s Opp'n at 16-17.) This reliance is misplaced. While Plaintiff's Opposition states that this letter notified Defendants' CEO that Vonage's system infringes the Asserted Patents, a reading of this letter shows that this assertion is misleading, as the letter simply solicited Vonage to purchase Net2Phone's products. (See ECF No. 67-1.) Although the letter mentioned the Asserted Patents, nowhere did it inform Vonage that the Accused Products infringe on said Patents. Thus, while the letter provides additional facts to support the notion that Defendants were aware of the Asserted Patents, the cases that Plaintiff relies on in arguing that the letter establishes specific intent are inapplicable. See Fujitsu Ltd. v. Netgear Inc., 620 F.3d 1321, 1329-30 (Fed. Cir. 2010) (finding that summary judgment should

not have been granted on the issue of intent when a letter was sent to the defendant that identified the patent and alleged infringement); Advanced Optical Tracking, LLC v. Koninklijke Philips N.V., No. 12-1292, 2013 WL 4786463, at *4 (D. Del. Sept. 9, 2013) report and recommendation adopted sub nom. Advanced Optical Tracking, LLC v. Koninklijke Philips Electronics N.V., No. 12-1292, 2013 WL 5486857 (D. Del. Sept. 30, 2013) ("[T]his Court has found intent to be sufficiently pled in circumstances where plaintiff: (1) provided the defendant with written notice that certain accused products infringed the patent-in-suit; (2) identified the general group of direct infringers . . .; and (3) set out facts explaining how the defendant [induced the third parties to infringe]."). Without establishing the link of specific intent between Defendants' knowledge of the Asserted Patents and Defendants' inducement of the third-party infringement, Plaintiff's induced infringement claims cannot survive. See, e.g., Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc., No. 12-1111, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013) ("Allegations that Smith knew of Bonutti's patents and of its customers' use of Smith's products do not suffice to establish that Smith also knew that its customers' use of Smith's own products would amount to infringement of Bonutti's patents.").[1]

Accordingly, counts two, five, eight, and eleven of the Second Amended Complaint are dismissed *with prejudice*.[2]

## B. Contributory Infringement

---

[1] This Court also notes that the parties disagree over whether it is proper for this Court to consider an e-mail attached to Defendants' Motion that is not mentioned in the Second Amended Complaint. Defendants have attached this email in an attempt to show that an attorney working for Plaintiff's predecessor concluded that the Accused Products do not infringe the Asserted Patents. This Court need not decide this issue, as it finds reason to dismiss Plaintiff's induced infringement claims without relying on the email.

[2] A dismissal with prejudice is appropriate because Plaintiff has had several opportunities to amend its complaint. See Holmes v. Gates, 403 F. App'x 670, 674 (3d Cir. 2010) ("[The plaintiff] had three opportunities to include [the necessary facts] in her complaint, yet she repeatedly failed to do so. Accordingly, the District Court did not err in dismissing her complaint [with prejudice].")

Counts three, six, nine, and twelve of the Second Amended Complaint allege contributory infringement of the Asserted Patents. To state a claim for contributory infringement, Plaintiff must plead facts showing that: (1) Defendants knew that the Accused Products are material to practicing the invention and have no substantial non-infringing uses; (2) Defendants knew that the Accused Products were especially made or especially adapted to infringe the Asserted Patents; and (3) a third party used the Accused Products to directly infringe the Asserted Patents. DSU Med. Corp., 471 F.3d at 1303; Apotex Inc., 2010 WL 3522786, at *6.

This Court found that the contributory infringement claims in Plaintiff's First Amended Complaint were deficient because they "parrot[ed] the language of the necessary elements." (ECF No. 55 at 6.) Specifically, the Court found the following allegations insufficient: (i) "[P]rior to the filing of this this lawsuit, Vonage was aware that the Accused Products were solely designated to implement VoIP communications to facilitate point-to-point communication as taught by the [Asserted] Patent[s] and have no substantial non-infringing uses," and (ii) "[P]rior to the filing of this lawsuit, Vonage was aware that the Accused Products were especially made and adapted for VoIP calling in a manner that infringe[] the . . . Patent[s]." (Id.)

As with Plaintiff's induced infringement claims, Plaintiff's contributory infringement claims must be dismissed for failure to establish the requisite intent, as Plaintiff has not shown that Defendants "knew that the Accused Products were especially made or especially adapted to infringe the Asserted Patents." In its Opposition, Plaintiff again relies on its allegations that Defendants were aware of the Asserted Patents, and argues that "it is reasonable to infer [that Defendants] either investigated the patents to determine whether its product designs were made or adapted to infringe, or stuck its head in the sand as to a significant risk." (Pl.'s Opp'n at 27.) As discussed above, mere speculation on the issue of intent is not enough to survive a motion to

dismiss. Additionally, Plaintiff contends that "there is simply no doubt that, at a minimum, Net2Phone's pre-suit letter to [Defendants] notifying [their] CEO that [Defendants'] system infringed the [Asserted Patents] is more than sufficient to allow [Plaintiff] to proceed." (Id. at 30.) However, as discussed when analyzing Plaintiff's induced infringement claims, Plaintiff misrepresents the contents of this letter, as the letter merely asks Vonage to purchase Net2Phone's products and makes no mention of infringement. As such, Plaintiff has failed to establish element two of contributory infringement.[3]

Accordingly, counts three, six, nine, and twelve of the Second Amended Complaint are dismissed *with prejudice*.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. Counts two, three five, six, eight, nine, eleven, and twelve of the Second Amended Complaint are dismissed *with prejudice*. An appropriate order follows this Opinion.

_____
Jose L. Linares, U.S.D.J.

Date:        July 7, 2014
Original:    Clerk's Office
cc:          Hon. Joseph A. Dickson U.S.M.J.
             All Counsel of Record
             File

---

[3] Defendants also argue that Plaintiff has not shown that the Accused Products have no substantial non-infringing uses. This Court notes that the Second Amended Complaint contradicts itself on this issue. Paragraphs 198, 283, 368, and 453 state that "*[o]ne main purpose* of Vonage's Accused Products is to facilitate the establishment of point-to-point communications between its subscribers so they may place calls and talk to one another." (Sec. Am. Compl. ¶¶ 198, 283, 368, 453 (emphasis added).) However, paragraphs 201, 286, 371, and 456 state that "[t]he Accused Products are used *solely* to establish point-to-point VoIP communications." (Id. ¶¶ 201, 286, 371, 456 (emphasis added).) However, this Court need not reach a conclusion on this issue, as its determination that Plaintiff has not established the requisite element of intent is reason enough to dismiss Plaintiff's contributory infringement claims.