NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., VONAGE AMERICA, INC., AND VONAGE MARKETING LLC,<br><br>        Defendants. | Civil Action No. 14-502 (JLL) (JAD)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon the Motion to Stay by Defendants Vonage Holdings, Corp., Vonage America, Inc., and Vonage Marketing LLC (collectively "Defendants" or "Vonage"). (ECF No. 71.) The Court has considered the submissions made in support of and in opposition to Defendants' Motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. Based on the following and for the reasons expressed herein, Defendants' Motion to Stay is **denied**.

## I.   BACKGROUND

Plaintiff is the assignee of United States Patent Nos. 6,009,469, 6,131,121, 6,513,066, and 6,701,365 (collectively the "Asserted Patents"). (ECF No. 61, Sec. Am. Compl. ¶¶ 8-11.) Plaintiff states that the Asserted Patents "disclose various aspects of a common invention relating to packet-based communication used, for instance, in VoIP . . . telephony." (Id. ¶ 16.) On

1

November 4, 2013, Plaintiff filed a four-count Complaint in the Eastern District of Virginia, alleging that Defendants had infringed each of the Asserted Patents. (ECF No. 1.) After Defendants filed a Motion to Dismiss, Plaintiff filed an Amended Complaint on January 7, 2014. (ECF No. 23.) Counts I-IV of the Amended Complaint asserted claims for direct, induced, and contributory infringement of the Asserted Patents. (Id. ¶¶ 34-45, 46-58, 59-70, 71-83.)

On January 17, 2014, the case was transferred to this Court at the behest of Defendants. (ECF No. 41.) On February 7, 2014, Defendants filed a motion to dismiss Plaintiff's amended claims of induced and contributory infringement. (ECF No. 47.) On March 26, 2014, this Court granted Defendants' motion and dismissed Plaintiff's induced and contributory infringement claims without prejudice. (ECF No. 55.) Plaintiff filed a Second Amended Complaint on April 23, 2014. (ECF No. 61.) Defendants filed a Motion to Dismiss Plaintiff's second amended claims of induced and contributory infringement on May 27, 2014. (ECF No. 65.) On July 7, 2014, this Court dismissed Plaintiff's induced and contributory infringement claims with prejudice. (ECF No. 69.)

On August 1, 2014, Defendants filed petitions with the U.S. Patent and Trademark Office ("PTO") requesting *Inter Partes* Review ("IPR") of all four Asserted Patents in this case. (ECF No. 71-1 at 1.) In these petitions, Defendants argue that the Asserted Patents are unpatentable under 35 U.S.C. § 103, which provides:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

(ECF No. 71-3.) Defendants filed a Motion to Stay this case pending the resolution of the IPR petitions on August 5, 2014. (ECF No. 71.) Plaintiff filed an Opposition on August 19, 2014. (ECF No. 73.) Defendants filed a Reply on August 26, 2014. ("Defs' Reply," ECF No. 74.)

## II.   DISCUSSION

The decision of whether or not to stay a patent case during reexamination is discretionary. Viskase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). There is no conflict between a reexamination and a challenge to a patent in federal court, despite the fact that the two forums may come to differing conclusions on the same patent; the PTO and the district courts apply different standards and come to different legal conclusions. Ethicon, Inc., 849 F.2d at 1428-29 & n.3. In deciding whether to stay a matter pending reexamination, courts have developed a three-part test: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Eberle v. Harris, No. 03-5809, 2005 WL 6192865, at *2 (D.N.J. Dec. 8, 2005) (quoting Xerox Corp. v. 3Com Corp., 69 F. Supp 2d 404, 406 (W.D.N.Y. Feb. 18, 1999)). Put another way, "[i]n deciding whether to grant a stay, the court must weight the benefits of the stay against the costs." Motson v. Franklin Covey Co., No. 03-067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005).

In the present case, Defendants argue that all three of the above factors weigh in favor of staying the case. Plaintiff disagrees, and alternatively asks this Court to deny Defendants' Motion without prejudice and allow Defendants to refile if the PTO decides to grant review of Defendants' IPR petitions.  This Court agrees that granting a stay would be premature.

Defendants filed their IPR petitions on August 1, 2014, and both parties concede that they may not know whether the petitions are granted review until February 2015. See Davol, Inc. v. Atrium Med. Corp., No. 12-958, 2013 WL 3013343, at *2 n.2 (D. Del. June 17, 2013) ("Under the new [IPR] procedures, the Director of the PTO must decide whether to grant review within six months of a petition being filed . . . ."). In a similar case within this District, the Court found it appropriate to wait for the PTO's decision as to whether to grant review of an IPR petition before issuing a stay, stating the following:

> In their opposition to the instant motion [to stay], Plaintiffs . . . note, among other things, that while Defendants have applied for [IPR] such review has not yet been granted. As such, they argue the Court should not address the instant motion until a determination is made on the initial application, at which time the Court can more fully evaluate the PTO's view and make a more informed determination of whether the reexamination proceeding merits a stay of this action. The Court agrees.

Derma Sciences, Inc. v. Manukamed Ltd., No. 12-3388, 2013 WL 6096459, at *1 (D.N.J. July 18, 2013); see also Power Survey, LLC v. Premier Utility Services, LLC, No. 2:13-cv-05670, Dkt. 84 (D.N.J. May 30, 2014) ("The Court having received an application for a stay upon the filing of six petitions for [IPR], and the Court finding that no stay will be granted solely because petitions have been filed. If IPR is granted, the motion may be renewed . . . ."); Depomed Inc. v. Purdue Pharma L.P., No. 13-571, 2014 WL 3729349, at *1 (D.N.J. July 25, 2014) ("On July 9, 2014, the Court entered a Letter Order determining that [Defendant's] request for a stay was premature in light of the fact that the [Patent Trial and Appeal Board ("PTAB")] had not yet determined whether to grant IPR review.").[1] In their Reply brief, Defendants argue that "in the unlikely event that the PTO does not institute IPR proceedings, the stay could be lifted after only

---

[1] Although the Court in Depomed decided that a stay was premature, an unrelated stay was already in place because the parties were in mediation, and the Court decided not to reopen discovery because the PTAB only had twenty-seven days left to render its decision. Id. In the present case, it will be almost six months before a decision is rendered by the PTO.

a short delay and no harm to [Plaintiff]." (Defs' Reply at 9.) A similar argument was rejected by a court in this Circuit:

> In arguing that the early stage of the review proceedings will not result in undue prejudice, [Defendant argues that] . . . if the PTO decides not to grant [the IPR] petitions, the stay will be relatively short. While the court appreciates the logic of this argument, it provides the non-moving party with little comfort in those cases where the PTO does grant review. In such cases, the fact that the review proceedings are in their infancy forces the non-moving party to wait not only for a PTO decision on the challenged claims but also for the preliminary decision on whether to even hear the challenge.

Davol, 2013 WL 3013343, at *2 n.3 (internal citations and quotations omitted). The Court finds this logic persuasive, and declines to rule on the issue of whether to grant a stay until the PTO decides whether it will grant review of Defendants' IPR petitions.[2]

Accordingly, Defendants motion to stay is denied. Defendants may renew their motion if the PTO grants review of Defendants' IPRs.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay is **denied**. An appropriate order follows this Opinion.

Jose L. Linares, U.S.D.J.

Date:        August 28, 2014
Original:    Clerk's Office

---

[2] This Court also finds the following reasoning from the Middle District of Florida to be persuasive:

> The patent owner should be able, if it desires, to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims. Only at that time will the scope of the [IPR] be known. While the USPTO decides whether to initiate a review, the parties will have sufficient time to ferret out the issues involved in this action, identify the relevant claims and defenses, and solidify their claim construction positions. Then, and only then, will the Court be in a position to make an informed decision as to whether the [IPR] will simplify the issues and trial.

Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-CV-1727, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

cc:          Hon. Joseph A. Dickson U.S.M.J.
                  All Counsel of Record
                  File